Filed 4/24/14  P.O.P. Enterprises v. Lively CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| P.O.P. ENTERPRISES, INC. et al., | D063550 |
| Plaintiffs and Appellants, | (Super. Ct. No. 37-2012-00095329-CU-PA-CTL) |
| v. | |
| ONIE O. LIVELY, as Trustee, etc., | ORDER MODIFYING OPINION AND DENYING REHEARING |
| Defendants and Respondents. | [NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion filed on April 8, 2014, be modified as follows:

On page 4, the third full paragraph should be deleted and replaced with the following:

> "Paccione did not seek review of the order compelling arbitration and setting an arbitration deadline either by way of appeal from the order dismissing his complaint or by way of extraordinary writ.  (See *Abramson v. Juniper Networks, Inc.* (2004) 115 Cal.App.4th 638, 648-649.)"

The petition for rehearing is denied.

**There is no change in the judgment.**

BENKE, Acting P. J.

Filed 4/8/14 (unmodified version)

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| P.O.P. ENTERPRISES, INC. et al.,<br><br>Plaintiffs and Appellants,<br><br>v.<br><br>ONIE O. LIVELY, as Trustee, etc., et al.<br><br>Defendants and Respondents. | D063550<br><br><br>(Super. Ct. No. 37-2012-00095329-CU-PA-CTL) |

APPEAL from a judgment of the Superior Court of San Diego County, Earl H. Maas III, Judge.  Affirmed.

David A. Kay for Plaintiffs and Appellants.

James S. Marinos; Kessler & Seecof, Daniel J. Kessler and Benjamin R. Seecof for Defendants and Respondents.

When, as here, an agreement to arbitrate does not set a deadline for completion of

arbitration, Code of Civil Procedure section 1283.8[1] permits a trial court to set such a deadline. Here, on the request of defendants, the trial court set a deadline for completion of the arbitration it ordered. Plaintiffs did not challenge that order by way of appeal or petition for extraordinary relief.

Because plaintiffs made no effort to pursue arbitration of their claims until after the deadline set by the trial court for completion of arbitration had passed, the three arbitrators appointed to hear the parties' dispute determined they had no jurisdiction to resolve the merits of plaintiffs' claims and determined that plaintiffs' take nothing on those claims.

We affirm the trial court's order denying plaintiffs' motion to correct or vacate the arbitrators' award. The record shows the parties agreed the arbitrators could decide whether arbitration was timely. Thus, the arbitrators acted within their powers in determining the timeliness of the arbitration. Any error the arbitrators made, including relying on the trial court's order setting a deadline for completion of arbitration, was not thereafter reviewable by the trial court.

FACTUAL AND PROCEDURAL BACKGROUND

1. *Underlying Dispute*

In a prior appeal in which we found that the parties' dispute was subject to arbitration (*P.O.P. Enterprises, Inc. v. Lively* (Feb. 25, 2010, D051710) [nonpub. opn.] (*P.O.P. I*)), we described the circumstances that gave rise to claims made by plaintiffs

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

and appellants P.O.P. Enterprises, Inc. and Philip O. Paccione[2] against defendants and respondents John Lively, Onie O. Lively and the Estate of Riley J. Lively. In brief, those circumstances were as follows: prior to his death, Riley Lively owned a commercial building, part of which he leased to Paccione; Paccione operated a billiard parlor in the building and, in 2005, Paccione was negotiating with a potential buyer of the billiard business, Louis Rodriguez; in July 2005, Rodriguez met with Riley Lively and Lively's property manager; Riley Lively and his property manager told Rodriguez that maintenance of the building's heating, ventilation and air conditioning (HVAC) units was Paccione's responsibility, that Paccione had not maintained the HVAC units and that Paccione would have to replace the units; after speaking with Lively, Rodriguez lost interest in purchasing the business.

2. *P.O.P. I*

In 2006, Paccione filed a complaint against Riley Lively in which he alleged that Lively had wrongfully disparaged the value of the billiard parlor and that Lively's conduct had interfered with his opportunity to sell the business to Rodriguez. In litigating Paccione's claims, Lively asserted, as an affirmative defense, that the claims were subject to an arbitration provision in the parties' lease. Paccione demurred to the arbitration defense, and the trial court sustained the demurrer without leave to amend.

Paccione's claims were tried by a jury in 2007, and it returned a verdict awarding Paccione $150,000 in compensatory damages and $302,784 in punitive damages.

---

[2]     Unless otherwise indicated, all references to Paccione include P.O.P. Enterprises, Inc.

Lively appealed and, on appeal, we reversed. We found that Paccione's claims were intimately related to provisions of the parties' lease and therefore subject to arbitration. We reversed the judgment and directed that on remand the trial court give Lively an opportunity to file a motion to compel arbitration, which we instructed the court to dispose of in a manner consistent with our determination that Paccione's claims were subject to arbitration.

3. *Order Compelling Arbitration*

Shortly after *P.O.P. I* was decided, in February 2010, Riley Lively died. On remand, his son, John Lively, and his widow, Onie Lively, (the Livelys) moved to compel arbitration of Paccione's claims and dismiss Paccione's complaint. The Livelys also asked that the order compelling arbitration require that any arbitration be completed within 60 days of the date of the order. On June 17, 2010, the trial court entered an order granting the Livelys' motion to compel arbitration and dismissing Paccione's complaint; however, because Paccione's attorney had only recently been substituted in as counsel, the trial court ordered that arbitration be completed by November 24, 2010. The trial court also granted the Livelys' motion to be substituted in as defendants in the place of Riley Lively.

Paccione did not challenge the order compelling arbitration and setting an arbitration deadline either in the trial court or by way of appeal or extraordinary writ.

4. *Arbitration*

At some point after the November 24, 2010 deadline set by the trial court,

4

Paccione made a demand on the American Arbitration Association (AAA) for arbitration of his claims against Riley Lively. In the arbitration proceeding, the Livelys argued Paccione's demand was untimely and, therefore, the arbitrators lacked jurisdiction to proceed. The parties agreed that the arbitrators would determine the timeliness of the arbitration before reaching any other matters.

Paccione argued the arbitration deadline was unenforceable. Paccione relied on Rules 7 and 41 of the AAA. At the time Paccione's arbitration claims were pending, rule 7 of the AAA[3] rules stated: "(a) The arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement." Rule 41 stated: "The award shall be made promptly by the arbitrator and, unless otherwise agreed by the parties or specified by law, no later than thirty days from the date of closing the hearing, or, if oral hearings have been waived, from the date of the AAA's transmittal of the final statements and proofs to the arbitrator." Paccione argued that because the arbitration agreement incorporated AAA rules, and the AAA rules gave the arbitrators the power to determine their own jurisdiction, they were not bound by the trial court's order. Paccione further argued that because Rule 41 provided for a time limit on the arbitration award, the trial court's time limit under section 1283.8 was improper. Paccione also argued, as he does on appeal, that because the trial court dismissed his complaint, the trial court's order no longer had

---

3      We have taken judicial notice of the rules of the AAA in effect at the time of the arbitrators' January 12, 2012 award. (Cal. Rules of Court, rule 8.54; Evid. Code, § 452.) We deny Paccione's request that we take judicial notice of earlier versions of the rules.

5

any effect.

The arbitrators' rejected Paccione's arguments. The arbitrators found that because Rule 7, under which they had the power to determine their own jurisdiction, was only added after the parties' lease was executed, it was not controlling and that instead they were bound by the terms of the trial court's order. Because Paccione did not comply with the deadline provided in the trial court's order, the arbitrators determined he could take nothing by way of the claims he asserted in the arbitration proceeding.

5. *Petition to Correct and Vacate Award*

Paccione filed a petition in the trial court to correct and vacate the arbitration award. Paccione alleged the arbitrators had exceeded their powers. The trial court denied the petition, and Paccione filed a timely notice of appeal.

## DISCUSSION

As we indicated at the outset, like the trial court, we reject Paccione's contention the arbitrators exceeded their powers.

## I

We review de novo the trial court's order denying Paccione's petition to correct and vacate the arbitration award. (*Advanced Micro Devices, Inc. v. Intel Corp.* (1994) 9 Cal.4th 362, 376, fn. 9; see also *Gravillis v. Coldwell Banker Residential Brokerage Co.* (2010) 182 Cal.App.4th 503, 511 (*Gravillis*).)

Section 1286.2, subdivision (a)(4) and section 1286.6, subdivision (b), provide that an arbitration award may be vacated or corrected when "[t]he arbitrators exceeded

6

their powers."  However arbitrators' *errors* generally do not exceed their powers. (*Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 28 (*Moncharsh*); *Gravallis*, *supra*, 182 Cal.App.4th at 511.)

"[I]t is the general rule that, with narrow exceptions, an arbitrator's decision cannot be reviewed for errors of fact or law.  In reaffirming this general rule, we recognize there is a risk that the arbitrator will make a mistake.  That risk, however, is acceptable for two reasons.  First, by voluntarily submitting to arbitration, the parties have agreed to bear that risk in return for a quick, inexpensive, and conclusive resolution to their dispute. [Citation.]  As one commentator explains, 'the parties to an arbitral agreement knowingly take the risks of error of fact or law committed by the arbitrators and that this is a worthy "trade-off" in order to obtain speedy decisions by experts in the field whose practical experience and worldly reasoning will be accepted as correct by other experts.' [Citation.]  'In other words, it is within the power of the arbitrator to make a mistake either legally or factually.  When parties opt for the forum of arbitration they agree to be bound by the decision of that forum knowing that arbitrators, like judges, are fallible.' [Citation.]  [¶] . . . [¶]

"A second reason why we tolerate the risk of an erroneous decision is because the Legislature has reduced the risk to the parties of such a decision by providing for judicial review in circumstances involving serious problems with the award itself, or with the fairness of the arbitration process."  (*Moncharsh*, *supra*, 3 Cal.4th at pp. 11-12.)  By expressly providing for judicial review of claims of arbitral fraud, corruption, and

7

misconduct, or claims that the arbitrators exceeded their powers, and permitting correction either where there is an error in calculation, an act in excess of arbitral powers that can be corrected without affecting the merits of an award, or an error in the form of an award, the Legislature has "substantially reduced the possibility of certain forms of error infecting the arbitration process itself (§ 1286.2, subds. (a), (b), (c)), of an arbitrator exceeding the scope of his or her arbitral powers (§[§] 1286.2, subd. (d), 1286.6, subd. (b)), of some obvious and easily correctable mistake in the award (§ 1286.6, subd. (a)), of one party being unfairly deprived of a fair opportunity to present his or her side of the dispute (§ 1286.2, subd. (e)), or of some other technical problem with the award (§ 1286.6, subd. (c))." (*Id.* at p. 13.) Thus, "the residual risk to the parties of an arbitrator's erroneous decision represents an acceptable cost—obtaining the expedience and financial savings that the arbitration process provides—as compared to the judicial process." (*Ibid.*)

As we have noted, however, errors of law and fact are not acts in excess of an arbitrator's powers: "A contrary holding would permit the exception to swallow the rule of limited judicial review; a litigant could always contend the arbitrator erred and thus exceeded his [or her] powers. To the extent Moncharsh argues his case comes within section 1286.2, subdivision (d) merely because the arbitrator reached an erroneous decision, we reject the point." (*Moncharsh*, *supra*, 3 Cal.4th at p. 28.)

The scope of the arbitrators' powers are chiefly defined by the arbitration agreement and the issues submitted by the parties to the arbitrators. (*Moncharsh*, *supra*,

3 Cal.4th at p. 8; see also *Advanced Micro Devices, Inc. v. Intel Corp.*, *supra*, 9 Cal.4th at p. 372.)  In *Moncharsh*, the parties' dispute was over disposition of attorney fees paid to an attorney for work he performed after he left his former law firm.  In finding an award of fees to the law firm was within the scope of the arbitrator's powers, the court in *Moncharsh* stated:  "[I]t is within the 'powers' of the arbitrator to resolve the entire 'merits' of the 'controversy submitted' by the parties.  (§ 1286.2, subd. (d); § 1286.6, subd. (b), (c).)  Obviously, the 'merits' include all the contested issues of law and fact submitted to the arbitrator for decision.  The arbitrator's resolution of these issues is what the parties bargained for in the arbitration agreement.  Moncharsh does not argue that the arbitrator's award strayed beyond the scope of the parties' agreement by resolving issues the parties did not agree to arbitrate.  The agreement to arbitrate encompassed '[a]ny dispute arising out of' the employment contract.  The parties' dispute over the allocation of attorney's fees following termination of employment clearly arose out of the employment contract; the arbitrator's award does no more than resolve that dispute.  Under these circumstances, the arbitrator was within his 'powers' in resolving the questions of law presented to him."  (*Moncharsh*, at p. 28.)

Importantly, courts are required to give deference to arbitrators' determinations of their contractual powers.  In *Advanced Micro Devices, Inc. v. Intel Corp.*, *supra*, the arbitrator provided the prevailing party in a contract dispute with licenses to intellectual property owned by the losing party.  In finding the arbitrator had the power to award the licenses the court stated:  "Although section 1286.2 permits the court to vacate an award

9

that exceeds the arbitrator's powers, the deference due an arbitrator's decision on the merits of the controversy requires a court to refrain from substituting its judgment for the arbitrator's in determining the contractual scope of those powers. [Citations.]

"Giving substantial deference to the arbitrators' own assessments of their contractual authority is consistent with the general rule of arbitral finality we recently reaffirmed in [*Moncharsh*]. As we stated there, parties to private, nonjudicial arbitration typically expect '"their dispute will be resolved without necessity for any contact with the courts."' [Citations.] The decision to arbitrate disputes is motivated in part by the desire to avoid the delay and cost of judicial trials and appeals. 'Ensuring arbitral finality thus requires that judicial intervention in the arbitration process be minimized.' [Citation.] A rule of judicial review under which courts would independently redetermine the scope of an arbitration agreement already interpreted by the arbitrator would invite frequent and protracted judicial proceedings, contravening the parties' expectations of finality. [Citation.]" (*Advanced Micro Devices, Inc. v. Intel Corp.*, *supra*, 9 Cal.4th at pp. 372-373.)

## II

Here, there is no conceivable interpretation of the record that would permit us to find the arbitrators exceeded their powers. We begin (and for the most part end) with the undisputed fact that the parties presented the timeliness of the arbitration to the arbitrators. The arbitration award states: "Respondents assert that Claimants did not proceed with this arbitration in compliance with a deadline set by the trial court and that

10

the Arbitrators therefore lack jurisdiction to proceed.  By agreement of the parties and determination of the Arbitrators, this issue is to be determined before proceeding with other matters."  Given the fact that timeliness was squarely presented to the arbitrators, we are not even required to consider the deference we owe the arbitrators' interpretation of their powers: any error of law or fact the arbitrators committed in resolving an issue presented to them is not subject to judicial review.  (*Moncharsh*, *supra*, 3 Cal.4th at p. 28; *Advanced Micro Devices, Inc. v. Intel Corp., supra*, 9 Cal.4th at pp. 372-373, 376.)  Thus, we are not persuaded by Paccione's arguments that the arbitrators' award may be corrected or vacated

In his principal argument on appeal, Paccione argues the arbitrators erroneously interpreted the holding in *Gilbert Street Developers, LLC v. La Quinta Homes*, *LLC* (2009) 174 Cal.App.4th 1185 (*Gilbert*).  In *Gilbert*, the court held that an agreement to arbitrate under the rules of the AAA only incorporated rules that existed at the time of the parties' agreement and that, because the predecessor to AAA rule 7 had not been adopted at the time of the parties' agreement, the arbitrators did not have the power to determine their own jurisdiction.  (*Gilbert*, at pp. 1193-1196.)  Here, because neither AAA rule 7 nor its predecessor had been adopted at the time of the parties' agreement, the arbitrators determined that they were bound by the trial court's order limiting the time in which an arbitration award could be made.

Paccione contends that *Gilbert* had no application here because, unlike *Gilbert*, his arbitration was initiated by way of a motion to compel arbitration and because, in any

11

event, in *Gilbert* the jurisdictional dispute was with respect to the substantive scope of the arbitration agreement rather than, as here, the timeliness of the arbitration award. The difficulty with this argument is, of course, that, once it is conceded the arbitrators had the power to determine the timeliness of the arbitration proceeding, any error in their legal reasoning in resolving that issue did not constitute an act in excess of their powers. (*Moncharsh*, *supra*, 3 Cal.4th at p. 28; *Advanced Micro Devices, Inc. v. Intel Corp.*, *supra*, 9 Cal.4th at pp. 372-373, 376.)

Although not a model of clarity, it appears that next Paccione contends that the arbitrators should not have relied on the trial court's order because he believes that order was improper and of no further effect. As we have noted, Paccione did not challenge the validity of the trial court's order when it was entered, either by way of appeal or by a petition for extraordinary writ. This fact is of some import because we are not aware of any authority that permits a litigant to challenge the validity or effectiveness of a final order compelling arbitration and setting a time limit for an award, for the first time in the arbitration proceeding itself. In any event, once again, any error the arbitrators may have committed in relying on the time limit imposed by the trial court would have been a legal error and not subject to judicial review. (*Moncharsh*, *supra*, 3 Cal.4th at p. 28; *Advanced Micro Devices, Inc. v. Intel Corp.*, *supra*, 9 Cal.4th at pp. 372-373, 376.)

12

## DISPOSITION

The order denying Paccione's motion to correct or vacate the arbitration award is affirmed.  The Livelys to recover their costs on appeal.

BENKE, Acting P. J.

WE CONCUR:

HALLER, J.

McINTYRE, J.

13